UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| George Cameron and Janin Cameron, Country Mutual Insurance Company claimants, and all others similarly situated throughout Washington State and the United States of America, <br><br> Plaintiffs, <br><br> v. <br><br> Country Mutual Insurance Company, an insurance company, Country Financial, an insurance conglomerate, Country Casualty Insurance Company, An insurance company, Country Preferred Insurance Company, an Insurance company, Country Investor Life Assurance Company, an insurance Company and Country Life Insurance Company, an insurance company <br><br> Defendants. | NO. 1:24-03075 <br><br> **COMPLAINT-CLASS ACTION** FOR VIOLATION OF THE CONSUMER PROTECTION ACT, THE INSURANCE FAIR CONDUCT ACT AND THE WASHINGTON ADMINISTRATIVE CODE |

COMES NOW Plaintiffs, by and through their attorney, Seth M. Reynolds, and allege:

//

Complaint-Class Action
1:24-03075

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **1** of **10**

# PARTIES

1.1     Plaintiff-George Cameron (Cameron) is a resident of Yakima County, Washington who has paid Country Mutual Insurance Company for insurance services and submitted an insurance claim which was in part denied.

1.2     Plaintiff-Janin Cameron (Janin) is a resident of Yakima County, Washington who has paid Country Mutual Insurance Company for insurance services and submitted an insurance claim which was in part denied.

1.3     Plaintiffs-All others similarly situated throughout Washington State, namely all individuals who made a claim which was in part denied with Defendants since a date 4 years prior to the filing of this complaint and as described with more particularity below.

1.4     Plaintiffs-All others similarly situated throughout the United States of America, namely all individuals who made a claim which was in part denied with Defendants since a date 4 years prior to the filing of this complaint and as described with more particularity below.

1.5     Defendant-Country Mutual Insurance Company (Country Mutual), an insurance company doing business in Yakima County, Washington.

1.6     Defendant-Country Financial (may be a trade name or BDA rather than official company name, other possible true names include Country Insurance and Financial Services Group or Country Capital Management Company and Illinois Agricultural Association), an insurance conglomerate doing business in Yakima County, Washington and the entity establishing and directing the claim settlement practices of Country Mutual Insurance Company and other insurance companies doing business in Washington State.

Complaint-Class Action
1:24-03075

Page **2** of **10**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

1    1.7    Defendant-Country Casualty Insurance Company, an insurance company wholly owned and controlled by Country Financial and implementing the same settlement practices as Country Mutual Insurance Company doing business in Yakima County, Washington.

1.8    Defendant-Country Preferred Insurance Company, an insurance company wholly owned and controlled by Country Financial and implementing the same settlement practices as Country Mutual Insurance Company doing business in Yakima County, Washington.

1.9    Defendant-Country Investor Life Assurance Company, an insurance company wholly owned and controlled by Country Financial and implementing the same settlement practices as Country Mutual Insurance Company doing business in Yakima County, Washington.

1.10    Defendant-Country Life Insurance Company, an insurance company wholly owned and controlled by Country Financial and implementing the same settlement practices as Country Mutual Insurance Company doing business in Yakima County, Washington.

1.11    The corporate structure may require additional entities to be added to ensure justice.

## BACKGROUND

2.1    The Camerons have procured insurance through Country Mutual Insurance Company and Country Financial for many years.

2.2    On or about August 28, 2021 the Camerons renewed their insurance policy with Defendants.

2.3    This policy included insurance on a Challenger MT525B valued at $84,500 and a Kirby Bale Processor valued at $45,000 as part of an Agriplus Insurance Policy.

Complaint-Class Action
1:24-03075

Page **3** of **10**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

1  2.4  This policy is cobranded with both Country Financial and Country Mutual Insurance Company branding.

2  2.5  This policy included coverage referred to as Farm Personal Property scheduled as a section 7, coverage W, peril 2-21, 26 and 27 as well as a Package of Special Coverages scheduled as section 5, coverage K.

2.6  Section 7, coverage W covers farm equipment and peril 2 lists fire as a covered peril.

2.7  Section 5, coverage K is a coverage package with includes coverage M which is called "Debris Removal" and is described as covering the removal of debris of covered property after a covered loss.

2.8  Section 7, coverage W lists tires whether attached to or intended to be attached to a tractor as covered property with a limit of $5,000 per occurrence.

2.9  On or about January 8, 2022 Cameron was working his farm with his insured Challenger MT525B which was towing his Kirby Bale Processor.

2.10  While operating the Challenger, there was an unknown malfunction which caused the tractor to catch fire.

2.11  This fire rendered the Challenger inoperable and irreparable and caused extensive damage to the Kirby.

2.12  Within the next couple of days Cameron reported the occurrence to the company.

2.13  On June 8, 2022, there is internal company records that Cameron requested that the company cover the damage to his Challenger tractor and Kirby wagon as well as payment for the lost fuel, a lost tire which was practically new and the cost of removing the debris from his property.

Complaint-Class Action
1:24-03075

Page **4** of **10**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

1    2.14    On August 8, 2022, Country Mutual, using Country Financial letterhead and a Country Financial email address, sent Cameron a letter stating that the insurer was still investigating the valuation of the Challenger.

2.15    In the meanwhile, Cameron sent various valuations on the Challenger and quotes for the removal of the Challenger debris along with quotes to repair the Kirby.

2.16    Country Mutual adopted the lowest valuation of the Challenger as the actual value of the Challenger and sent out a check for the damage.

2.17    The Camerons sent the check back stating that it did not cover all their claims and the damage reported.

2.18    On February 12, 2024, Country Financial sent a letter stating that all other claims would be denied as the one-year time limit on claims had elapsed and that quotes were insufficient evidence of loss.

2.19    Neither Country Mutual nor Country Financial advised the Camerons that there was a one-year time limit on their claims or that the time limit would expire within 30 days.

2.20    Neither Country Mutual nor Country Financial advised the Camerons on what would be considered sufficient evidence of loss.

2.21    At no time did Country Mutual or Country Financial provide the Camerons with any documents to explain the claim settlement process or their expectations to the Camerons.

2.22    Neither Country Mutual or Country Financial undertook any actions to evaluate the cost of removing the Challenger, repairing the Kirby, covering the tire or any other claim beyond the actual loss value of the Challenger.

//

Complaint-Class Action    SETH REYNOLDS, ESQ.
1:24-03075    4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Page **5** of **10**    Tel: 801-427-9025

## CLASS ACTION ALLEGATIONS

3.    CR 23(a) Prerequisites.

A)    CR 23(a)(1) - Numerosity

3.1    The definition of the class is all individuals throughout Washington State and throughout the United States who have submitted a claim to Country Mutual or Country Financial which was partially or totally denied.

3.2    Country Mutual and Country Financial maintains physical offices in all states in which it conducts business.

3.3    Country Mutual and Country Financial have more than 11,500 insurance contracts active in Washington according to the Washington State Insurance Commissioner and over 180,000 insurance contracts active throughout the United States according to the National Association of Insurance Commissioners.

3.4    According to the Insurance Information Institute about 6%-7% of insurance contracts receive a claim for an average of $15,000 each year.

3.5    This amounts to about 3000 claims over the time period for about $45,000,000 in Washington and about 47,000 claims for about $700,000,000 throughout the United States.

3.6    If only about 3% of claims were wrongfully denied this amounts to 100 persons throughout Washington and 1,410 throughout the United States.

B)    CR 23(a)(2) - Commonality

3.7    The question of law and/or fact common to the class is whether Defendants failed to follow the minimum standards established in state laws and listed below for its claim settlements.

Complaint-Class Action
1:24-03075

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **6** of **10**

C) CR 23(a)(3) – Typicality

3.8 The class representatives are individuals who submitted a claim to Country Mutual and/or Country Financial.

3.9 The class representatives are individuals who were denied part of their claim in violation of applicable laws.

D) CR 23(a)(4) – Adequacy

3.10 The class representative is an adequate class representative because under *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) there is no evidence of any conflict of interest.

3.11 Additionally, the class attorney has sufficient motivation to vigorously pursue this action since he has been working in consumer protection for 15 years, has experience with class actions and processing of large amounts of discovery whether physical or electronic and is familiar with the standard compensation law available in Washington consumer protection cases and federal class actions.

## CLAIMS

4. Violation of the CPA

4.1 Defendants have violated RCW 19.86.020 by failing to follow the minimum claim settlement practices set forth in WAC 284-30-300 through WAC 284-30-400 pursuant to RCW 19.86.170, RCW 48.30.010 and WAC 184-30-300.

4.2 Pursuant to RCW 19.86.090, Defendants are liable to Plaintiffs for a) actual harm its actions caused, b) treble damages and c) attorney fees and costs.

Complaint-Class Action
1:24-03075

Page **7** of **10**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

1  4.3  Pursuant to RCW 19.86.140, Defendants are liable for a civil penalty of $7,500 per violation of the CPA.

    a.  WAC 284-30-330(4)

4.4  Defendants have violated WAC 284-30-330(4) by denying a claim without first conducting its own investigation into the cost of debris removal for the destroyed Challenger tractor, the repairs for the Kirby wagon and loss of the tire.

    b.  WAC 284-30-330(13)

4.5  Defendants have violated WAC 284-30-330(13) by denying a claim without providing a reasonable explanation for the basis of that denial and merely reciting policy provisions.

    c.  WAC 284-30-360(4)

4.6  Defendants have violated WAC 284-30-360(4) by failing to give claimant adequate information to enable the claimant to successfully submit a claim.

    d.  WAC 284-30-380(5)

4.7  Defendants have violated WAC 284-30-380(5) by denying a claim as time barred without first warning claimant that the claim would become time barred in 30 days for a first party claimant and 60 days for a third-party claimant.

    e.  Other WACs or statutory provisions

4.8  Defendants may raise an argument which would implicate or demonstrate another violation of the WACs, IFCA or the CPA or discovery may uncover other violative practices.

4.9  Plaintiffs cannot adequately anticipate all arguments which Defendants may make or what may be discovered in Defendants' training manuals, but Plaintiffs assert there may be other violations of the CPA, IFCA or the WACs.

Complaint-Class Action
1:24-03075

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **8** of **10**

5. <u>Respondeat Superior</u>

5.1    Country Mutual is a wholly owned subsidiary of Country Financial.

5.2    Country Financial causes its trademark to be applied to all Country Mutual insurance documentation including claims settlement communications to give consumers the impression that it is overseeing the operations of its constituent insurance operators.

5.3    The applicable insurance contract states, "Thank you for putting your trust in COUNTRY Financial®. We are proud to serve you whenever you need us with helpful advice and exceptional service."

5.4    Country Financial sets a uniform standard for claim settlement across all its subsidiary insurance providers and thus is more than a mere owner; it is an active participant in claims settlement.

5.5    As such, Country Financial is liable for all the unfair or deceptive claims practices of its subsidiaries.

5.6    Additionally, since all subsidiaries of Country Financial implement the same claim settlement practices set forth by Country Financial, they are similarly amenable to prosecution and liable as Country Mutual Financial and Country Financial.

6. <u>Public Injunctive Relief</u>

6.1    RCW 19.86.090 provides that an individual may bring, "civil action in superior court to enjoin further violations."

6.2    Further, the legislature in RCW 19.86.920 has declared that "the purpose of this act is … to protect the public…."

Complaint-Class Action
1:24-03075

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **9** of **10**

6.3     The Washington Supreme Court has characterized this injunction as public injunctive relief in *Hockley v. Hargitt*, 82 Wn.2d 337 (1973).

6.4     Accordingly, Defendants should be enjoined to adopt claim settlement practices which comply with the CPA, IFCA and WAC 284-30.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

1.     For Judgment against Defendants for the damages caused to Plaintiffs.

2.     For compensation for attorney fees incurred investigating the legitimacy of Defendant's behavior.

3.     For treble damages, pursuant to RCW 19.86.090, calculated off of the actual damages determined by the court.

4.     For a reasonable attorney's fee as determined by the court pursuant to RCW 19.86.090.

5.     For a $7,500 civil penalty per violation of the Washington State CPA as provided in RCW 19.86.140.

6.     For a public injunction against Defendants requiring them to adopt claims settlement practices which comply with the CPA, IFCA and WAC 284-30.

Dated this May 17, 2024.

*s/ Seth Reynolds*
Seth M. Reynolds WSBA #44160
Attorney for Plaintiffs

Complaint-Class Action
1:24-03075

Page **10** of **10**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025